UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
THOMAS L. KEHMEIER, a man,
    Plaintiff,
v.

ATLAS AIR, INC., a corporation in its
individual capacity,
    Defendant.
--------------------------------------------------------------x

**MEMORANDUM**
**OPINION AND ORDER**

20 CV 4191 (VB)

Briccetti, J.:

  Plaintiff Thomas L. Kehmeier, proceeding pro se, brings this action for declaratory and injunctive relief against defendant Atlas Air, Inc., alleging violations of the Fifth Amendment's Due Process Clause.

  Now pending is defendant's motion to dismiss the first amended complaint ("FAC") pursuant to Rule 12(b)(6). (Doc. #17).

  For the following reasons, the Court sua sponte dismisses the case for lack of subject matter jurisdiction, and defendant's motion to dismiss is therefore DENIED AS MOOT.

## BACKGROUND

  For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded allegations in the first amended complaint and draws all reasonable inferences in plaintiff's favor, as summarized below.

  Plaintiff alleges he is an Arizona resident and that defendant has its "Principle [sic] Executive Office" in Purchase, New York. (Doc. #16 ("FAC") ¶ 3). According to plaintiff, he "provides services to the Defendant as a Boeing 767 Captain." (Id. ¶ 4). Plaintiff alleges that on January 23, 2020, he received from defendant a "W-2 Wage and Tax Statement 2019." (Id. ¶ 13). Plaintiff further alleges defendant improperly withheld taxes from his wages because

1

plaintiff is not an "employee" as defined in the Internal Revenue Code ("IRC"), 26 U.S.C. § 3401(c).

Plaintiff requests the Court "find that the Defendant has erroneously exposed Plaintiff to taxation, in deprivation of Plaintiff's Fifth Amendment right to property without due process of law," which the Court construes as a request for declaratory relief. (FAC at 14). Plaintiff also seeks injunctive relief in the form of a court order (i) directing defendant to submit to the Internal Revenue Service ("IRS"), the Arizona Department of Revenue, and plaintiff a corrected W-2 statement for 2019 indicating plaintiff was paid $0 in wages as defined in 26 U.S.C. § 3401(a) and that defendant deducted and withheld $0 in taxes under 26 U.S.C. § 3402, and (ii) permanently enjoining and prohibiting defendant from making future "erroneous" reports to the IRS and state revenue departments that plaintiff was paid wages as defined in 26 U.S.C. § 3401(a), and from deducting and withholding taxes from plaintiff under 26 U.S.C. § 3402(a)(1). (FAC at 15).

**DISCUSSION**

I. <u>Legal Standard</u>

"[F]ederal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." <u>Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont</u>, 565 F.3d 56, 62 (2d Cir. 2009).[1] "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." <u>Nike, Inc. v. Already, LLC</u>, 663 F.3d 89, 94 (2d Cir. 2011). "[W]hen it is 'unmistakably clear' that the court lacks subject matter jurisdiction, the court can dismiss a complaint <u>sua</u> <u>sponte</u>." <u>Gosain v. Texplas India Priv. Ltd.</u>,

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

393 F. Supp. 3d 368, 373 (S.D.N.Y. 2019) (quoting In re Indu Craft, Inc., 630 F. App'x 27, 29 (2d Cir. 2015) (summary order)).

When deciding whether subject matter jurisdiction exists at the pleading stage, the court "must accept as true all material facts alleged in the complaint." Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009). "However, argumentative inferences favorable to the party asserting jurisdiction should not be drawn." Buday v. N.Y. Yankees P'ship, 486 F. App'x 894, 895 (2d Cir. 2012) (summary order).[2]

II. Analysis

The Court lacks subject matter jurisdiction to hear plaintiff's claims requesting injunctive and declaratory relief under the Anti-Injunction Act and the Declaratory Judgment Act, respectively.[3]

The Anti-Injunction Act prevents courts from hearing suits brought "for the purpose of restraining the assessment or collection of any tax." 26 U.S.C. § 7421(a). The Anti-Injunction Act expressly bars the Court from granting injunctive relief. See Karas v. Katten Muchin Zavis Rosenman, 2006 WL 20507, at *3 (S.D.N.Y. Jan. 3, 2006), aff'd sub nom. Karas v. Katten Muchin Rosenman LLP, 2009 WL 38898 (2d Cir. Jan. 8, 2009) (summary order).

Plaintiff alleges defendant should not have withheld taxes from him under Section 3402(a). That section provides, however, with exceptions not relevant here, "every employer

---

[2] Because plaintiff is proceeding pro se, he will be provided with copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

[3] To the extent plaintiff brings claims regarding improper tax withholding pursuant to state law, such claims are prohibited by the Tax Injunction Act, 28 U.S.C. § 1341, which provides that federal "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

3

making payment of wages shall deduct and withhold upon such wages a tax." Section 3402(a) thus provides a method of collecting taxes within the meaning of the Anti-Injunction Act. See United States v. American Friends Service Committee, 419 U.S. 7, 10 (1974). Accordingly, the Anti-Injunction Act applies and deprives the Court of subject matter jurisdiction to consider plaintiff's request for injunctive relief.[4]

With respect to plaintiff's request for declaratory relief, the Declaratory Judgment Act bars federal courts from issuing any declaratory relief "with respect to federal taxes." 28 U.S.C. § 2201. "There is no dispute . . . that the federal tax exemption to the Declaratory Judgment Act is at least as broad as the Anti-Injunction Act." Bob Jones Univ. v. Simon, 416 U.S. 725, 732, n.7 (1974). Accordingly, the Declaratory Judgment Act applies here and prevents the Court from hearing plaintiff's request for declaratory relief. See Smith v. Shulman, 333 F. App'x 607, 609 (2d Cir. 2009) (summary order).[5]

---

[4] The Court is not persuaded by plaintiff's contention that the Anti-Injunction Act does not apply to this case because he is a "nontaxpayer" and because Botta v. Scanlon, 288 F.2d 504 (2d Cir. 1961), requires "judicial review before the appellation of taxpayer is bestowed upon him." (FAC ¶ 8). Botta v. Scanlon is inapposite and, unlike here, involved a question of whether tax penalties could be assessed against directors of a bankrupt corporation for taxes owed by that corporation. 288 F.2d at 505. Nor is the Court persuaded by plaintiff's argument that he is not an employee under Section 3401(c) of the IRC. See Manente v. Bluemel, 2020 WL 7028551, at *3 (D.N.J. Nov. 30, 2020) (noting it is well-settled "privately-employed workers are employees" under the IRC) (collecting cases); United States v. Latham, 754 F.2d 747, 750 (7th Cir. 1985) (argument that "under 26 U.S.C. § 3401(c) the category of 'employee' does not include privately employed wage earners is a preposterous reading of the statute").

[5] Because the Court lacks subject matter jurisdiction, it need not reach the merits of plaintiff's claims. However, the Court notes that because defendant was required by law to withhold taxes, see 26 U.S.C. § 3402(a), it cannot be liable for complying with Section 3402. See Hyatt v. Metro. Transportation Auth., 2008 WL 11409955, at *3 (E.D.N.Y. Sept. 19, 2008) (collecting cases), aff'd sub nom. Hyatt v. Metro. Transp. Auth., 370 F. App'x 153 (2d Cir. 2010) (summary order).

4

## CONCLUSION

The Court sua sponte dismisses this case for lack of subject matter jurisdiction.

The motion to dismiss pursuant to Rule 12(b)(6) is DENIED AS MOOT.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Order to plaintiff at the address on the docket.

The Clerk is instructed to terminate the motion (Doc. #17) and close this case.

Dated: June 1, 2021
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge